IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ARISTEO HUERTA ZURITA, A-77-725-849 *
        Petitioner,
v.                                    *     CIVIL ACTION NO. CCB-10-2847

JACK KAVANAUGH                  *
CALVIN MCCORMICK
JOHN T. MORTON                    *
JANET NAPOLITANO
ERIC HOLDER                          *
        Respondents.
                                          ***

MEMORANDUM

This counseled petition for habeas corpus relief attacking petitioner's detention was received for filing, along with the $5.00 filing fee, on October 14, 2010. The petition challenges an Immigration Judge ("IJ") decision to deny petitioner's bond hearing request for a redetermination of his custody under the mandatory detention provisions of Immigration and Naturalization Act ("INA") § 236 or 8 U.S.C. § 1226(c). Counsel claims that petitioner is housed in immigration custody at the Howard County Detention Center.

The petition claims that continued detention without a hearing to determine whether the detention is justified violates due process. Petitioner seeks immediate release from confinement "under reasonable conditions of supervision or, in the alternative, a hearing before an impartial adjudicator…" and further asks that a hearing be set in on this matter in an expeditious manner.

Under the facts of the case, petitioner is a citizen of Mexico and became a lawful permanent resident ("LPR") of the United States on June 13, 2001. On January 15, 2009, he pled guilty to possession of a controlled dangerous substance and was sentenced to five years probation.

Petitioner has been detained by immigration authorities since June 9, 2010, *pending completion of removal proceedings* (emphasis added). A June 16, 2010 hearing was held before an IJ in York, Pennsylvania. The IJ held that petitioner was subject to mandatory detention under § 1226(c) and concluded that he did not have jurisdiction to redetermine petitioner's custody status. The IJ did not hear petitioner's argument as to why he should be released.

On July 26, 2010, a master calendar hearing was held in Texas and petitioner objected to the government's submission of criminal convictions as they were not properly certified. The IJ upheld the objection and set the matter in for another hearing so that authorities could submit the certified conviction records. On August 9, 2010, another master calendar hearing was held, the certified conviction records were submitted, and the IJ found that removability was established. Petitioner's counsel filed a request for cancellation of removal as an application for relief from removal and also sought a change of venue to Baltimore, Maryland. The venue change was granted.

On October 4, 2010, a master calendar hearing was held in Baltimore. Petitioner indicated that he would be seeking cancellation of removal. The case is scheduled in for an individual hearing on December 9, 2010.

Insofar as petitioner is raising a due process challenge to his continued pre-removal order detention, the court shall summarily dismiss the action. Until a decision is rendered on petitioner's removal, his detention is governed by 8 U.S.C. § 1226, which applies to an alien whose removal is sought but not yet determined. Once the removal decision is final, detention during the removal period is governed by 8 U.S.C. § 1231.

Both statutes permit the Bureau of Immigration and Customs Enforcement ("BICE") to release certain aliens and detain others, and both classify categories of aliens subject to mandatory

detention language found in 8 U.S.C. § 1226(c).  In *Demore v. Kim,* 538 U.S. 510 (2003), the Supreme Court found that the mandatory detention provision of an alien under § 1226(c) was a constitutionally permissible part of the removal process for the "limited period" necessary to complete the removal proceedings.  *Id*. at 531.   In sum, *Demore* generally upheld the constitutionality of 8 U.S.C. § 1226, with the caveat that the Attorney General may detain an alien without conducting an individualized bail hearing where the alien concedes he is removable within the meaning of 8 U.S.C. § 1226(c)(1)(B).  *See Demore,* 538 U.S. at 522-23, 531.

The *Demore* Court distinguished *Zadvydas v. Davis*, 533 U.S. 678 (2001), a case in which the Supreme Court held that an alien subject to a final order of removal could not be indefinitely detained pursuant to 8 U.S.C. § 1231, on the grounds that: (1) an alien detained for the limited period necessary to effect a removal pursuant to § 1226(c) was not detained indefinitely; and (2) mandatory detention pursuant to 8 U.S.C. § 1226(c) was generally of a much shorter duration than "post-removal –period detention pursuant to § 1231.  *See Demore*, 538 U.S. at 530.

Since the issuance of *Demore*, courts have looked to the length and duration of an alien's mandatory detention under § 1226(c).  For example, in *Tijani v. Willis*, 430 F.3d 1241 (9th Cir. 2005),  the Ninth Circuit concluded that § 1226(c) applied to "expedited" removal proceedings and found that mandatory detention for a period of two years and eight months was not "expeditious." *See Tijani*, 430 F.3d at 1242.  The Ninth Circuit also concluded that the length of the detention must be for a reasonable period and the alien must provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.  *See Nadarajah v. Gonzales*, 443 F.3d 1069, 1079 (9th Cir. 2006).

At the time this petition was filed petitioner had been held in ICE custody for a little over four months. The court finds no constitutional violation associated with his detention.[1] For these reasons the 28 U.S.C. § 2241 petition shall be dismissed without prejudice.[2] A separate order follows.


Date: October 21, 2010          /s/
                                Catherine C. Blake
                                United States District Judge

---

[1] At no point in this counseled action does petitioner directly contest the charges of removability. He says that he is eligible for cancellation of removal and "has a substantial claim that he is not removable." Paper No. 1 at p. 13. Further, he has not shown that the length of his mandatory detention is unreasonable or that his removal is unlikely to occur in the foreseeable future.

[2] There is some question as to whether 8 U.S.C. § 1226(e) divests this court of authority to review the decision of an immigration judge regarding detention, release, or the grant, revocation or denial of bond or parole under § 1226. *See Galvez v. Lewis,* 56 F.Supp.2d 637, 641 (E.D. Va. 1999) (dismissing, pursuant to 8 U.S.C. § 1226(e), petition for review of immigration judge's decision that petitioner was subject to mandatory detention because the decision was in effect an unreviewable denial of bond). Thus, where a petitioner challenges the decision to deny bond under the statute, § 1226(e) precludes judicial review. *See id.; Loa-Herrera v. Trominski,* 231 F.3d 984, 991 (5th Cir. 2000) (finding § 1226(e) precludes judicial review of the "[t]he Attorney General's discretionary judgment regarding the application of parole-including the *manner* in which that discretionary judgment is exercised, and whether the procedural apparatus supplied satisfies regulatory, statutory, and constitutional constraints").